UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. __1:21-cv-114-GNS__
JUDGE__Chief Judge Greg N. Stivers__

*Electronically Filed*

| | |
|---|---|
| CHRISTOPHER RICHARDSON, Individually; <br> REBEKAH RICHARDSON, Individually; <br> REBEKAH RICHARDSON, in her capacity as <br> Parent and Next Friend of R.A.R., a minor; <br> REBEKAH RICHARDSON, in her capacity as <br> Parent and Next Friend of A.J.R., a minor; <br> and <br> REBEKAH RICHARDSON, in her capacity as <br> Parent and Next Friend of A.T.R., a minor | PLAINTIFFS |

V.                    **COMPLAINT**

| | |
|---|---|
| COREY GROVES <br>    SERVE:    Hon. Robert C. Rives, IV (by agreement) <br>              DINSMORE & SHOHL <br>              101 South Fifth Street, Suite 2500 <br>              Louisville, KY 40202 <br><br> LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. <br>    SERVE:    Hon. Robert C. Rives, IV (by agreement) <br>              DINSMORE & SHOHL <br>              101 South Fifth Street, Suite 2500 <br>              Louisville, KY 40202 <br> and <br><br> SPEEDCO TRUCK LUBE, INC. <br>    SERVE:    Hon. Robert C. Rives, IV (by agreement) <br>              DINSMORE & SHOHL <br>              101 South Fifth Street, Suite 2500 <br>              Louisville, KY 40202 | DEFENDANTS |

\* \* \*

Come the Plaintiffs, Christopher Richardson, Individually, Rebekah Richardson, Individually, Rebekah Richardson, in her capacity as Parent and Next Friend of R.A.R., a

1

minor, Rebekah Richardson, in her capacity as Parent and Next Friend of A.J.R., a minor, and Rebekah Richardson, in her capacity as Parent and Next Friend of A.T.R., a minor, by counsel, and for their Complaint against Defendants Corey Groves, Love's Travel Stops & Country Stores, Inc., and Speedco Truck Lube, Inc., state as follows:

## INTRODUCTION

1.  This litigation involves a motor vehicle collision that occurred on June 20, 2021, on Interstate 65 southbound in Cross Plains, Tennessee, in which Plaintiffs were rear-ended at a high rate of speed by Defendant Corey Groves, while operating a Ford F-350 service truck owned by Defendant Love's Travel Stops & Country Stores, Inc., and while in the course and scope of his employment with Defendant Love's Travel Stops & Country Stores, Inc. and/or Defendant Speedco Truck Lube, Inc.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332, as the Plaintiffs are citizens of the Commonwealth of Kentucky and, based on information and belief, all Defendants are citizens of states other than the Commonwealth of Kentucky, and the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

3.  Venue is proper in this judicial district and in the Bowling Green Division as a substantial part of the events or omissions giving rise to the subject claim occurred in Simpson County, Kentucky, pursuant to 28 U.S.C. 1391(b)(2).

4.  Alternatively, venue is proper in this judicial district and in the Bowling Green Division as the Defendants are subject to this Court's personal jurisdiction with respect to this matter, pursuant to 28 U.S.C. 1391(b)(3).

## **PARTIES**

5. Plaintiff Christopher Richardson ("Chris") is, and was at all times relevant to this matter, a citizen and resident of Franklin, Allen County, Kentucky.

6. Plaintiff Rebekah Richardson ("Rebekah") is, and was at all times relevant to this matter, a citizen and resident of Franklin, Allen County, Kentucky.

7. Plaintiff Rebekah Richardson, in her capacity as Parent and Next Friend of R.A.R., is the biological mother of R.A.R., a minor. Both Rebekah and R.A.R. are, and were at all times relevant to this matter, residents of Franklin, Allen County, Kentucky.

8. Plaintiff Rebekah Richardson, in her capacity as Parent and Next Friend of A.J.R., is the biological mother of A.J.R., a minor. Both Rebekah and A.J.R. are, and were at all times relevant to this matter, residents of Franklin, Allen County, Kentucky.

9. Plaintiff Rebekah Richardson, in her capacity as Parent and Next Friend of A.T.R., is the biological mother of A.T.R., a minor. Both Rebekah and A.T.R. are, and were at all times relevant to this matter, residents of Franklin, Allen County, Kentucky.

10. Defendant Corey Groves ("Defendant Groves"), based on information and belief, is a citizen and resident of Robertson County, Tennessee. Defendant Groves may be served with process, by agreement of the parties, by delivery of summons and a true and accurate copy of this Complaint to Hon. Robert C. Rives, IV, Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202.

11. Defendant Speedco Truck Lube, Inc. ("Defendant Speedco"), based on information and belief, is an Indiana corporation, registered as a Foreign Corporation with the Kentucky Secretary of State, with its principal office at 10601 N. Pennsylvania Ave, Oklahoma City, Oklahoma 73120, and with an office/location at 2875 Scottsville Road,

Franklin, Simpson County, KY 42134. Defendant Speedco may be served with process, by agreement of the parties, by delivery of summons and a true and accurate copy of this Complaint to Hon. Robert C. Rives, IV, Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202.

12. Defendant Love's Travel Stops & Country Stores, Inc. ("Defendant Love's"), based on information and belief, is an Oklahoma corporation, registered as a Foreign Corporation with the Kentucky Secretary of State, with multiple locations within this judicial district, with its principal office at 10601 N. Pennsylvania Ave, Oklahoma City, Oklahoma 73120. Defendant Love's may be served with process, by agreement of the parties, by delivery of summons and a true and accurate copy of this Complaint to Hon. Robert C. Rives, IV, Dinsmore & Shohl LLP, 101 South Fifth Street, Suite 2500, Louisville, Kentucky 40202.

## FACTUAL ALLEGATIONS

13. Plaintiffs re-allege and incorporate by reference the allegations above as if fully restated herein.

14. On Sunday, June 20, 2021, Plaintiffs left their home in Franklin, Allen County, Kentucky, to attend a Father's Day church service. Following the church service, Plaintiffs intended to return to their home in Franklin, Allen County, Kentucky.

15. Plaintiffs were traveling Interstate 65 southbound in Cross Plains, Robertson County, Tennessee. Chris was driving their 2019 Kia Forte passenger car and Rebekah was in the front passenger seat. Three (3) of Chris and Rebekah's minor children, R.A.R., A.J.R., and A.T.R., were in the rear seat of the car. All Plaintiffs were properly restrained by their seatbelts.

16. At the same time and location that Plaintiffs were traveling as described above, Defendant Groves, while in the course and scope of his employment with Defendant Love's and/or Defendant Speedco, was operating a 2016 Ford F-350 service truck owned by Defendant Love's, on which Defendant Love's and Defendant Speedco's logos were affixed, and was also traveling Interstate 65 southbound.

17. Based on information and belief, Defendant Groves is an employee based out of Defendant Speedco's Franklin, Kentucky, location, and was hired, trained and employed at and through this location.

18. Since January 30, 2017, Defendant Groves, based on information and belief, has been involved in at least three (3) separate motor vehicle collisions and has committed at least three (3) moving violations.

19. At the same time and location that Plaintiffs were traveling as described above, Defendant Groves was traveling behind Plaintiffs and, at a high rate of speed, violently collided into the rear of Plaintiffs' vehicle.

20. The force of the collision caused the Plaintiffs' vehicle to spin off the roadway where it came to final rest facing northbound, after sustaining substantial property damage.

21. The force of the collision caused Defendant Groves' vehicle to overturn and come to final rest on its roof, also off the roadway.

22. As a result of the collision, all Plaintiffs were injured.

23. At all times pertinent hereto, Plaintiffs exercised an appropriate degree of care for their own safety.

## **COUNT I: NEGLIGENCE AGAINST DEFENDANT GROVES**

24. Plaintiffs re-allege and incorporate by reference the allegations above as if fully restated herein.

25. Defendant Groves owed a duty to Plaintiffs to operate his vehicle in the same manner that a reasonably prudent person would under the same or similar circumstances.

26. Defendant Groves breached that duty by failing to keep a proper lookout ahead of him, by failing to maintain proper control of his vehicle, and by failing to maintain a safe and/or lawful speed for the conditions of traffic and the roadway.

27. Defendant Groves' actions and/or omissions were a direct and/or proximate cause of the subject collision.

28. As a result of Defendant Groves' actions and/or omissions, the Plaintiffs have been injured and damaged. The Plaintiffs' injuries and damages include, but are not specifically limited to:

    (a) Medical bills and related expenses, past, present, and future;

    (b) Physical pain and mental suffering, past, present, and future;

    (c) Past and future lost wages and impairment of earning capacity;

    (d) Loss of enjoyment of life; and

    (e) Miscellaneous inconvenience and expense, past, present, and future.

29. The Plaintiffs seek by this action to recover the full monetary value of the injuries and damages together with all available interest at the maximum legal rate.

## COUNT II: *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT LOVE'S AND/OR DEFENDANT SPEEDCO

30. Plaintiffs re-allege and incorporate by reference the allegations above as if fully restated herein.

31. At the time of the subject collision, Defendant Groves was in the course and scope of his employment with Defendant Love's and/or Defendant Speedco.

32. As his employer(s), Defendant Love's and/or Defendant Speedco has/have *respondeat superior* liability for the negligent actions of its/their employee, Defendant Groves.

33. As a result of actions and/or omissions of Defendant Groves, for which Defendant Love's and/or Defendant Speedco is/are responsible, the Plaintiffs have been injured and damaged. The Plaintiffs' injuries and damages include, but are not specifically limited to:

   (a) Medical bills and related expenses, past, present, and future;

   (b) Physical pain and mental suffering, past, present, and future;

   (c) Past and future lost wages and impairment of earning capacity;

   (d) Loss of enjoyment of life; and

   (e) Miscellaneous inconvenience and expense, past, present, and future.

34. The Plaintiffs seek by this action to recover the full monetary value of the injuries and damages together with all available interest at the maximum legal rate.

## COUNT III: NEGLIGENT HIRING, TRAINING, RETENTION AND/OR SUPERVISION AGAINST DEFENDANT LOVE'S AND/OR DEFENDANT SPEEDCO

35. Plaintiffs re-allege and incorporate by reference the allegations above as if

fully restated herein.

36. At the time of the subject collision, Defendant Groves was in the course and scope of his employment with Defendant Love's and/or Defendant Speedco.

37. Defendant Love's and/or Defendant Speedco was/were responsible for properly hiring, training, retaining, and/or supervising Defendant Groves.

38. Defendant Love's and/or Defendant Speedco knew or reasonably should have known that Defendant Groves was unfit for the portion of the job he performed for Defendant Love's and/or Defendant Speedco which required driving, and that placement or retaining Defendant Groves in that position created an unreasonable risk of harm to Plaintiffs and others.

39. Defendant Love's and/or Defendant Speedco knew or should have known by reasonable investigation that Defendant Groves was placed into an employment position in which it should have been foreseeable that Defendant Groves posed a threat of injury to others.

40. Based on information and belief, Defendant Love's and/or Defendant Speedco failed to properly train Defendant Groves.

41. Defendant Love's and/or Defendant Speedco's negligent hiring, training, retaining and/or supervising created an unreasonable risk of harm to Plaintiffs and were a contributing cause of the injuries and damages sustained by Plaintiffs.

42. As a result of actions and/or omissions of Defendant Love's and/or Defendant Speedco, the Plaintiffs have been injured and damaged. The Plaintiffs' injuries and damages include, but are not specifically limited to:

    (a) Medical bills and related expenses, past, present, and future;

  (b) Physical pain and mental suffering, past, present, and future;

  (c) Past and future lost wages and impairment of earning capacity;

  (d) Loss of enjoyment of life; and

  (e) Miscellaneous inconvenience and expense, past, present, and future.

43. The Plaintiffs seek by this action to recover the full monetary value of the injuries and damages together with all available interest at the maximum legal rate.

### COUNT IV: NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT LOVE'S

44. Plaintiffs re-allege and incorporate by reference the allegations above as if fully restated herein.

45. Defendant Love's knew or should have known Defendant Groves to be a reckless, careless, and/or inexperienced driver.

46. Defendant Love's entrusted the subject Ford F-350 to Defendant Groves despite knowledge, or knowledge that it reasonably should have had, that Defendant Groves was a reckless, careless, and/or inexperienced driver.

47. As a result of actions and/or omissions of Defendant Love's and/or Defendant Speedco, the Plaintiffs have been injured and damaged. The Plaintiffs' injuries and damages include, but are not specifically limited to:

  (a) Medical bills and related expenses, past, present, and future;

  (b) Physical pain and mental suffering, past, present, and future;

  (c) Past and future lost wages and impairment of earning capacity;

  (d) Loss of enjoyment of life; and

  (e) Miscellaneous inconvenience and expense, past, present, and future.

  48. The Plaintiffs seek by this action to recover the full monetary value of the injuries and damages together with all available interest at the maximum legal rate.

## COUNT V: GROSS NEGLIGENCE

  49. Plaintiffs re-allege and incorporate by reference the allegations above as if fully restated herein.

  50. The actions and/or omissions alleged above against Defendant Groves, Defendant Love's, and Defendant Speedco constitute gross negligence.

  51. As a result of the Defendants' gross negligence, Plaintiffs are entitled to an award of punitive damages, in addition to the compensatory damages sought herein.

  **WHEREFORE**, the Plaintiffs, Christopher Richardson, individually, Rebekah Richardson, individually, Rebekah Richardson, in her capacity as Parent and Next Friend of R.A.R., a minor, Rebekah Richardson, in her capacity as Parent and Next Friend of A.J.R., a minor, and Rebekah Richardson, in her capacity as Parent and Next Friend of A.T.R., a minor, respectfully pray the Court for relief as follows:

  (a) For judgment in favor of each Plaintiff against each Defendant for compensatory and punitive damages, in an amount exceeding the minimum jurisdictional limits of this Court, together with all available interest at the maximum legal rate;

  (b) For Plaintiffs' costs incurred in pursuit of this matter, including a reasonable attorney's fee; and

  (c) For all other relief to which Plaintiffs are entitled, including a trial by jury.

This 3rd day of August, 2021.

        RICHARD W. HARTSOCK
        LEE L. COLEMAN
        Hughes and Coleman
        1256 Campbell Lane, Suite 201
        P. O. Box 10120
        Bowling Green, KY 42102
        (270) 782-6003 Ext. 136
        FAX (270) 843-0446
        rhartsock@hughesandcoleman.com
        lcoleman@hughesandcoleman.com

By:   /s/ Richard W. Hartsock
      *Counsel for Plaintiffs*

## CERTIFICATION

      The undersigned does hereby certify that the following entities have been notified of the pendency of this action by provision of a true and accurate copy of this Complaint via certified mail, return receipt requested, for any and all purposes relating to subrogation interests which might be asserted herein, underinsured motorist benefits, or any other purpose which, under law, might mandate notice of the pendency of this action.  Pursuant to KRS 411.188, you are respectfully notified that failure to assert subrogation rights in this case by intervention in this matter will result in loss of those rights with respect to any final award received by the plaintiff as a result of this action.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
USAA Insurance
P. O. Box 33490
San Antonio, TX  78265

    IN RE:    Our Clients:    Christopher, Rebekah, R.A., A.J.,
                                  and A.T. Richardson
            Your Insured:   Christopher Richardson
            Claim No.:     017663555-010
            DOI:           06/20/2021

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
United Healthcare
Attn: Subrogation
P.O. Box 740800
Atlanta, GA  30374-0800

| | | |
|---|---|---|
| IN RE: | Our Clients: | Christopher, Rebekah, R.A., A.J. and A.T. Richardson |
| | Your Insured: | Rebekah Richardson |
| | Member ID: | 958188001 |
| | DOI: | 06/20/2021 |

Hon. Robert C. Rives, IV
DINSMORE & SHOHL
101 South Fifth Street, Suite 2500
Louisville, KY 40202

This 3rd day of August, 2021.

/s/ Richard Hartsock
*Counsel for Plaintiff*